**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| NELSON A. DELEON, | Civil Action No. 16-8950 (RMB) |
| Petitioner, |  |
| v. | **OPINION** |
| STEVEN S. JOHNSON, |  |
| Respondent. |  |

**BUMB, United States District Judge**

This matter comes before the Court upon Respondent's motion to dismiss the petition for writ of habeas corpus under 28 U.S.C. § 2254, as barred by the statute of limitations. (ECF No. 7.) Petitioner, Nelson A. Deleon ("Deleon") did not file a response to the motion to dismiss.

I.  PROCEDURAL HISTORY

On June 18, 2001, a judgment of conviction ("JOC") was entered against Deleon in New Jersey Superior Court, Camden County upon his conviction on charges of robbery, assault, criminal restraint, possession of a weapon for unlawful purposes, aggravated manslaughter, and felony murder. (JOC, ECF No. 7-5.) He was sentenced to an aggregate term of imprisonment for 53 years, and five years of parole supervision. (Id. at 11.) The JOC was

amended on January 8, 2002, to reflect gap time and jail credits. (Am. JOC, ECF No. 7-6.)

Deleon appealed his conviction and sentence on August 28, 2001. (Notice of Appeal, ECF No. 7-7.) The Appellate Division affirmed the conviction but remanded to amend the JOC to merge the counts of aggravated manslaughter and felony murder. (App. Div. Opinion, ECF No. 7-8.) The JOC was amended on October 2, 2003. (Am. JOC, ECF No. 7-9.) The New Jersey Supreme Court denied Deleon's petition for certification on May 21, 2004. (N.J. S.Ct. Order, ECF No. 7-10.)

The PCR Court received Deleon's petition on July 6, 2004, and denied the petition on April 20, 2007. (Pet. for PCR, ECF No. 7-11; First PCR Opinion, ECF No. 7-12.) Deleon appealed on June 8, 2007. (Notice of Appeal, ECF No. 7-13.) The Appellate Division affirmed the PCR Court on February 23, 2009. (App. Div. Order, ECF No. 7-14.) The New Jersey Supreme Court denied Deleon's petition for certification on October 8, 2009. (N.J. S.Ct. Order, ECF No. 7-15.)

Deleon filed a second PCR petition on August 11, 2010. (Second PCR Opinion, ECF No. 7-16 at 3.) The PCR Court denied the petition on August 31, 2011, finding each of Deleon's claims were procedurally barred. (Id. at 5.) Deleon filed a notice of appeal on October 4, 2011. (Notice of Appeal, ECF No. 7-17.) On January 27, 2014, the Appellate Division found that the claims were not

procedurally barred under N.J. Ct. R. 3:22-5, but the petition was untimely under Rule 3:22-12(a)(2). (App. Div. Order, ECF No. 7-18 at 2.) The Appellate Division affirmed the PCR Court's denial of Deleon's second PCR petition. (Id.)

Deleon filed a motion for reconsideration and a motion to file as within time, both of which motions were denied by the Appellate Division on April 3, 2014. (App. Div. Order, ECF No. 7-19.) Deleon filed a motion to file a petition for certification in the New Jersey Supreme Court as within time, and the motion was dismissed on August 28, 2014. (N.J. S.Ct. Order, ECF No. 7-20.)

On February 11, 2016, however, the New Jersey Supreme Court granted Deleon's motion to vacate its August 28, 2014 order, and reinstated Deleon's petition for certification. (N.J. S.Ct. Order, ECF No. 7-21.) The New Jersey Supreme Court then denied Deleon's petition for certification on Sept. 23, 2016. (N.J. S.Ct. Order, ECF No. 7-22.)

II. DISCUSSION

    A. The Parties' Arguments

Respondent submits that the habeas petition is untimely under 28 U.S.C. § 2244(d)(1). (Mot. to Dismiss Pet. on Timeliness Grounds, ECF No. 7.) The statute of limitations for petitions under § 2254 is one-year. 28 U.S.C. § 2244(d). Respondent asserts the one-year period began to run on August 19, 2004. (Brief in Supp. of Mot. to Dismiss, ECF No. 7-3 at 12.) Deleon, however,

filed his first post-conviction relief ("PCR") petition on July 6, 2004. (ECF No. 7-3 at 12.) The statute of limitations was tolled on that date.

Deleon's first PCR proceeding ended on October 8, 2009, and the one-year limitations period began to run. (Id.) Deleon filed a second PCR petition on August 11, 2010. (Id. at 13.) Respondent contends this did not toll the statute of limitations period because the petition was not properly-filed within the meaning of § 2244(d)(2), because it was untimely. (Id.) Deleon did not file his habeas petition until Dec 6, 2016, years after the statute of limitations expired. (Id.)

B.  Legal Standard

28 U.S.C. § 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

4

> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

After a petitioner seeks review from the State's highest court, the judgment of conviction becomes final, and the limitations period begins to run after expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).

C. Analysis

1. The statute of limitations began to run on October 9, 2009

Direct review of Deleon's conviction and sentence became final on August 19, 2004. However, he filed his first PCR petition before that date; therefore, the limitations period was tolled when the first PCR proceeding was pending. 28 U.S.C. § 2244(d)(2). The first PCR proceeding ended on October 8, 2009, and the statute of limitations began to run the next day.[1] (N.J. S.Ct. Order, ECF No. 7-15 at 2.)

---

[1] This Court applied Federal Rule of Civil Procedure 6 in computing

5

### 2. The second PCR proceeding did not toll the limitations period

When a post-conviction petition is untimely under state law, it is not "properly-filed" for purposes of tolling the habeas statute of limitations under § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Therefore, Deleon's second PCR petition, found untimely by the Appellate Division (App. Div. Order, ECF No. 7-18 at 2.), did not toll the limitations period.

A habeas petition is deemed filed on the date the prisoner hands the petition to prison authorities for mailing to the district court. Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998). According to the petition, Deleon gave the petition to prison authorities for mailing on November 24, 2016. (Pet., ECF No. 1 at 15.) The petition was filed long after the statute of limitations expired on Monday, October 11, 2010. Deleon did not make any arguments in support of equitable tolling the limitations period.

## III. CONCLUSION

For the reasons discussed above, Respondents' motion to dismiss is granted, and the habeas petition is dismissed as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

---

the expiration of the statute of limitations. See Rule 12, Rules Governing Section 2254 Cases ("[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.")

6

This Court must determine whether Deleon is entitled to a certificate of appealability in this matter. *See* Third Circuit Local Appellate Rule 22.2. The Court will issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Based on the discussion in this Opinion, Deleon has not made a substantial showing of denial of a constitutional right, and this Court will not issue a certificate of appealability.

An appropriate order follows.

Dated: November 17, 2017

                                              s/Renée Marie Bumb
                                              RENÉE MARIE BUMB
                                              United States District Judge